CRAIG CARPENITO
United States Attorney
KRISTIN L. VASSALLO
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2835
Fax: (973) 297-2010
Email: kristin.vassallo@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARYEH GOODMAN,<br><br>        *Petitioner*,<br><br>v.<br><br>DAVID ORTIZ,<br><br>        *Respondent*. | HON. RENÉE M. BUMB<br><br>*Civil Action No.* 20-7582 (RMB) |

RESPONDENT'S ANSWER TO PETITION FOR A
WRIT OF HABEAS CORPUS

                                                  CRAIG CARPENITO
                                                  UNITED STATES ATTORNEY
                                                  *Attorney for Respondent*

KRISTIN L. VASSALLO
Assistant United States Attorney

# **TABLE OF CONTENTS**

Table of Contents ............................................................................................................i

Table of Authorities ...................................................................................................... ii

Preliminary Statement .................................................................................................. 1

Statement of Facts ........................................................................................................ 1

    I.    Calculation Of Goodman's Sentence ................................................................ 1

    II.   Goodman's Failure To Exhaust Administrative Remedies .............................. 2

Argument ...................................................................................................................... 3

    I.    Goodman's Claims Under The First Step Act Are Premature. ......................... 3

    II.   Goodman Failed To Fully Exhaust Administrative Remedies
           With Respect To The Claim Raised In This Petition ......................................... 6

Conclusion .................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Bowling v. Hudgins*, 2020 WL 1917490 (N.D.W. Va. Apr. 20, 2020) ............................ 5

*Herring v. Joseph*, 2020 WL 3642706 (N.D. Fla. July 6, 2020) ................................... 5

*Arias v. U.S. Parole Comm'n*,
   648 F.2d 196 (3d Cir. 1981) ...................................................................................... 7

*Bowling v. Hudgins*,
   No. 19-285, 2020 WL 1918248 (N.D.W. Va. Mar. 16, 2020) ................................... 5

*Briley v. Warden Fort Dix FCI*,
   703 F. App'x 69 (3d Cir. 2017) ................................................................................. 7

*Brown v. Grondolsky*,
   No. 09-3290 (RMB), 2009 WL 2778437 (D.N.J. Aug. 31, 2009) .............................. 8

*Gambino v. Morris*,
   134 F.3d 156 (3d Cir. 1998) ...................................................................................... 7

*Herring v. Joseph*,
   No. 20-249, 2020 WL 3671375 (N.D. Fla. June 22, 2020) .............................. 4, 5, 8

*Jones v. Ortiz*,
   No. 19-451 (RMB), 2019 WL 2376158 (D.N.J. June 5, 2019) ................................. 6

*Moscato v. Fed. Bureau of Prisons*,
   98 F.3d 757 (3d Cir. 1996) ........................................................................................ 6

*Vasquez v. Strada*,
   684 F.3d 431 (3d Cir. 2012) ...................................................................................... 6

*Velez v. Zickefoose*,
  No. 10-3992 (NLH), 2010 WL 5186158 (D.N.J. Dec. 15, 2010) ................................ 8

*Woodford v. Ngo*,
  548 U.S. 81 (2006) ..................................................................................................... 7

**Federal Statutes**

18 U.S.C. § 1952(a)(3) .................................................................................................. 1
18 U.S.C. § 3621 ........................................................................................................... 3
18 U.S.C. § 3621(h)(1)-(2) ............................................................................................ 4
18 U.S.C. § 3621(h)(1)(A) ............................................................................................ 5
18 U.S.C. § 3622 ........................................................................................................... 3
18 U.S.C. § 3632(d)(4)(A) ............................................................................................ 1
18 U.S.C. § 3632(d)(4)(D) ............................................................................................ 5
28 U.S.C. § 2241 ........................................................................................................... 6

**Federal Regulations**

28 C.F.R. § 542.10 ........................................................................................................ 2
28 C.F.R. § 542.13 ........................................................................................................ 2
28 C.F.R. § 542.14(a) .................................................................................................... 2
28 C.F.R. § 542.15(a) .................................................................................................... 2

PRELIMINARY STATEMENT

Respondent David Ortiz, warden of the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), respectfully submits this memorandum of law in opposition to the petition for a writ of habeas corpus brought by petitioner Aryeh Goodman.  Goodman, a federal inmate at FCI Fort Dix, argues that the Federal Bureau of Prisons has failed to properly award him time credits for "Evidence-Based Recidivism Reduction Training" in light of the First Step Act, 18 U.S.C. § 3632(d)(4)(A).  *See* Petitioner's Affidavit in Support of Writ of Habeas Corpus (ECF No. 1-2) ("Pet. Aff.") at PageID 26-29.  For the reasons that follow, Goodman's petition should be denied.

STATEMENT OF FACTS

I. Calculation of Goodman's Sentence

In April 2019, Goodman pled guilty before Chief Judge Wolfson to interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3).  *See United States v. Goodman,* No. 19-CR-265 (FLW), ECF No. 29.  On August 28, 2019, Chief Judge Wolfson sentenced Goodman to eighteen months in prison, followed by one year of supervised release.  *See* Declaration of Christina Clark ("Clark Decl."), Ex. A (Public Information Inmate Data) at 2.  The BOP has calculated Goodman's sentence as commencing on November 6, 2019, the date he entered BOP custody for service of his sentence.  *See id.* at 2-3.  The BOP has awarded Goodman with 25 days of prior custody credit for time spent in custody before his sentencing.  *See id.* at 3 (noting credit for time between February 6-February 13, 2018 and April 10-April 26,

1

2018). Assuming Goodman receives all good time credits available to him, his projected release date is January 20, 2021. *See id.* According to BOP records, Goodman's expected RRC date – *i.e.*, the date he will transfer to a residential reentry center, assuming no intervening events – is October 27, 2020. *See* Clark Decl., Ex. 3 (Inmate Profile Printout) at 1.

II.  Goodman's Failure to Exhaust Administrative Remedies

BOP has established a four-step process for federal inmates to exhaust administrative remedies. *See* 28 C.F.R. § 542.10 *et seq.* To comply with this process, an inmate generally must first attempt to informally resolve his dispute with prison staff. *See* 28 C.F.R. § 542.13. If these efforts fail, the inmate must then submit a BP-9 administrative remedy request to the warden of his institution within twenty days of the event or decision underlying the request. *See* 28 C.F.R. § 542.14(a), (c). If the administrative remedy request is denied, the inmate must then file a BP-10 appeal with the appropriate Regional Director within twenty days of the date of the warden's response. *See* 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate must then appeal that decision by filing a BP-11 appeal with the BOP's Central Office, General Counsel, within thirty days from the date of the Regional Director's response. *See id.*

According to BOP records, Goodman filed a BP-9 administrative remedy request with the warden of FCI Fort Dix asking the BOP to award him three months of Earned Time Credits under the First Step Act and 90 days in an RRC. *See* Clark Decl. ¶ 4, Ex. 2 (BP-9 Remedy and Response) at 1. On May 29, 2020, the warden

denied the request, explaining that under the First Step Act, "the 'Phase-In' portion of evidence-based recidivism reduction programs and productive activities will be provided two years .after the completion of risk and needs assessment" and that "[a]s soon as the policy is fully implemented, [he] will be reviewed appropriately." *Id.* at 4. As of August 4, 2020, BOP records do not reflect any appeal from the denial of his information.[1] *See* Clark Decl. ¶ 5.

## ARGUMENT

I. <u>Goodman's Claims under the First Step Act are Premature.</u>

The First Step Act of 2018, signed into law on December 21, 2018, amends 18 U.S.C. § 3621, the statute governing the calculation of federal sentences. Among other provisions, the First Step Act required the Attorney General to develop a "risk and needs assessment system" for federal inmates within 210 days after the law's enactment. *See* 18 U.S.C. § 3622. In addition, the First Step Act adds the subsections:

> (h) IMPLEMENTATION OF RISK AND NEEDS ASSESSMENT SYSTEM.—
>
> (1) IN GENERAL.—Not later than 180 days after the Attorney General completes and releases the risk and needs assessment system (referred to in this subsection as the 'System') developed under subchapter D, the Director of the Bureau of Prisons shall, in accordance with that subchapter— "(A) implement and complete the initial intake risk and needs assessment for each prisoner (including for each prisoner who was

---

[1] Due to COVID-19, the Regional Director's Office has experienced recent delays in entering Administrative Remedy requests at the BP-10 level. *See* Clark Decl. ¶ 5. Accordingly, it is unclear from the BOP's SENTRY records whether Goodman has appealed the denial of his BP-9 Administrative Remedy request. However, given the amount of time each level of exhaustion takes, Goodman would have been unable to complete all three levels of the grievance process by June 22, 2020, the date he filed this petition.

a prisoner prior to the effective date of this subsection), regardless of the prisoner's length of imposed term of imprisonment, and begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination;

(B) begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers and add any new evidence-based recidivism reduction programs and productive activities necessary to effectively implement the System; and

(C) begin to implement the other risk and needs assessment tools necessary to effectively implement the System over time, while prisoners are participating in and completing the effective evidence-based recidivism reduction programs and productive activities.

(2) PHASE-IN.—In order to carry out paragraph (1), so that every prisoner has the opportunity to participate in and complete the type and amount of evidence-based recidivism reduction programs or productive activities they need, and be reassessed for recidivism risk as necessary to effectively implement the System, the Bureau of Prisons shall—

(A) provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is *2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner under paragraph (1)(A); and*

(B) develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism reduction programs and productive activities.

18 U.S.C. § 3621(h)(1)-(2) (emphasis supplied).

As noted above, the First Step Act required the Attorney General to develop a risk and needs assessment system within 210 days of the law's enactment. The Attorney General met this deadline on July 19, 2019, when the BOP released the "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN"). *See Herring v. Joseph*, No. 20-249, 2020 WL 3671375, at *3 (N.D. Fla. June 22, 2020),

4

*report and recommendation adopted in part*, 2020 WL 3642706 (N.D. Fla. July 6, 2020).

The First Step Act also sets several other deadlines relevant to this case. First, it directs the BOP to "implement and complete an initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" within 180 days of PATTERN's release date (that is, by January 15, 2020). 18 U.S.C. § 3621(h)(1)(A). Second, the statute "gives the BOP two years after it completes the risk and needs assessment for each prisoner to 'phase in' the program implementation," including by awarding "Earned Time" credits, that is, by January 15, 2022. *Herring*, 2020 WL 3671375, at *3. Accordingly, despite Goodman's contentions, BOP's obligation to implement the evidence-based reduction program and award Earned Time credits has not yet taken effect, and he cannot obtain habeas relief on this ground. *See id.* (denying habeas petition in which federal inmate sought immediate award of Earned Credit Time because the First Step Act "does not require actual implementation for each inmate until January 2022"); *Bowling v. Hudgins*, No. 19-285, 2020 WL 1918248, at *4 (N.D.W. Va. Mar. 16, 2020) (same), *report and recommendation adopted*, 2020 WL 1917490 (N.D.W. Va. Apr. 20, 2020).[2]

---

2   The Court should note BOP has found Goodman eligible to earn Earned Time credits, so he is not challenging a determination that he is ineligible under 18 U.S.C. § 3632(d)(4)(D). *See* Clark Decl., Ex. 3 (Inmate Profile) at 1 (noting "FTC Eligible"). Although Goodman will complete his sentence before the January 2022 date does not require the BOP to award him credits in advance of the schedule set by the First Step Act.

5

Finally, to the extent Goodman argues that the BOP's present inability to apply the Earned Time credits violates due process, this claim is unpersuasive. Prior to the First Step Act, federal inmates had no pre-existing entitlement to the benefit of the new computation method. Accordingly, Congress was free to set an effective date of its choosing without violating due process. Moreover, Congress rationally chose to give BOP a reasonable time to develop and implement a new approach to award Earned Time credit. It was thus within Congress's authority to phase in this portion of the First Step Act. *Cf. Jones v. Ortiz*, No. 19-451 (RMB), 2019 WL 2376158, at *8 (D.N.J. June 5, 2019). The Court should thus deny Goodman's petition.

II. <u>Goodman Failed to Fully Exhaust Administrative Remedies With Respect to the Claim Raised in this Petition</u>

The Court may also dismiss Goodman's petition because he did not fully exhaust administrative remedies on his present claim.

Before a federal inmate can seek habeas relief in district court pursuant to 28 U.S.C. § 2241, he must first exhaust his administrative remedies. *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-62 (3d Cir. 1996). As the Supreme Court has recognized, the exhaustion requirement serves a number of critical interests:

> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are

6

> settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

*Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (internal citations and quotation marks omitted).

Courts within this Circuit therefore require an inmate to exhaust administrative remedies because exhaustion promotes these important interests. *See Arias v. U.S. Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981) (noting that Third Circuit has "adhered to the exhaustion doctrine for several reasons: (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors") (citation omitted); *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017). Indeed, although *Woodford* concerned the exhaustion requirement imposed by the Prison Litigation Reform Act, the purposes of exhaustion identified by the Court – protecting agency authority and promoting efficiency – apply equally to habeas petitions. *See Woodford*, 548 U.S. at 93 ("In practical terms, the law of habeas, like administrative law, requires proper exhaustion[.]"); *Arias*, 648 F.2d at 199.

Although the exhaustion requirement may be excused in limited circumstances, such as when exhaustion would be futile, *see, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), courts routinely enforce the requirement where, as

7

here, there is no compelling justification to excuse the petitioner's failure to exhaust. *See, e.g., Velez v. Zickefoose*, No. 10-3992 (NLH), 2010 WL 5186158, at *3 (D.N.J. Dec. 15, 2010) ("it has been long established that an inmate's unjustified failure to pursue administrative remedies results in procedural default warranting decline of judicial review"); *Brown v. Grondolsky*, No. 09-3290 (RMB), 2009 WL 2778437, at *1-2 (D.N.J. Aug. 31, 2009) (exhaustion requirement "is diligently enforced by the federal courts" and futility exception applies only in "narrowly-defined circumstances") (citation omitted).

Applying these principles here, the Court should deny habeas relief to Goodman because he did not exhaust administrative remedies with respect to the issue raised in this petition. Although Goodman filed a BP-9 request, BOP records do not show any appeal of the Warden's denial of that BP-9. Moreover, even if Goodman did file an appeal,[3] he did not have enough time to fully exhaust his administrative remedies prior to bringing this petition. The Court should therefore find that Goodman's failure to complete the administrative process before bringing this petition precludes him from obtaining relief. *See, e.g., Herring*, 2020 WL 3671375, at *3 (in case where petitioner's administrative appeal was pending before General Counsel's Office at the time he brought suit, court held that petitioner failed to

---

[3] As noted above, BOP's Northeast Regional Office has experienced recent delays to entering BP-10 Administrative Remedy requests due to COVID-19. However, even if Goodman has submitted an appeal that the BOP has not yet entered in its system, given the amount of time each level of exhaustion takes, Goodman would have been unable to complete all three levels of the grievance process by June 22, 2020, the date he filed this petition.

exhaust First Step Act claim). Because Goodman provides no compelling justification for his failure to exhaust administrative remedies, the Court should dismiss the petition.

## CONCLUSION

For the foregoing reasons, the Court should deny the petition in all respects.

Dated: Newark, New Jersey
August 10, 2020

          Respectfully submitted,

          CRAIG CARPENITO
          United States Attorney

By:    s/ Kristin L. Vassallo
       KRISTIN L. VASSALLO
       Assistant United States Attorney
       *Attorneys for Respondent*